MICHAEL J. NIBORSKI (State Bar No. 192111)
BENJAMIN S. AKLEY (State Bar No. 278506)
**PRYOR CASHMAN LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670
mniborski@pryorcashman.com
bakley@pryorcashman.com

BRAD D. ROSE (Pro Hac Vice Application Forthcoming)
DYAN FINGUERRA-DUCHARME (Pro Hac Vice Application Forthcoming)
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Facsimile: (212) 798-6307
brose@pryorcashman.com
dfinguerra-ducharme@pryorcashman.com

*Attorneys for Defendants*
TANTRIS IP, LLC and
TANTRIS RETAIL, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PRANA LIVING, LLC<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TANTRIS IP HOLDINGS, LLC and<br>TANTRIS RETAIL, LLC,<br><br>　　　　　Defendants. | Case No. 2:17-cv-2804 (DMG) (RAOx)<br><br>**ANSWER TO COMPAINT** |

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

Defendants TANTRIS IP, LLC ("TIP") (named incorrectly herein as "TANTRIS IP HOLDINGS, LLC") and TANTRIS RETAIL, LLC ("TR" and, together with TIP, "Tantris"), by their attorneys Pryor Cashman LLP, hereby answer the April 12, 2017 Complaint (the "Complaint") of Plaintiff PRANA LIVING, LLC ("Prana") as follows:

1. Deny knowledge or information sufficient to respond to the allegations in paragraph 1 of the Complaint and the legal conclusions therein, except deny that Tantris engaged in any trademark infringement or unfair competition and admit that Prana purports to base this Court's subject matter jurisdiction on the statutes cited therein.

2. Deny knowledge or information sufficient to respond to the allegations in paragraph 2 of the Complaint and the legal conclusions therein, except deny that Tantris engaged in any acts giving rise to the claims asserted in the Complaint and admit that TR does business within this judicial district and that Prana purports to base venue on the statute cited therein.

3. Admit the allegations in paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to respond to the allegations in paragraph 4 of the Complaint and the legal conclusions therein, except admit that TR does business in the State of California.

5. Deny knowledge or information sufficient to respond to the allegations in paragraph 5 of the Complaint and the legal conclusions therein, except deny that TIP has taken deliberate action to directly target consumers in this judicial district.

6. Deny knowledge or information sufficient to respond to the allegations in paragraph 6 of the Complaint.

7. Admit the allegations in paragraph 7 of the Complaint.

8. Admit the allegations in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to respond to the allegations in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to respond to the allegations in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to respond to the allegations in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to respond to the allegations in paragraph 12 of the Complaint and the legal conclusions therein, and refer the Court to the trademark documents referenced therein.

13. Deny knowledge or information sufficient to respond to the allegations in paragraph 13 of the Complaint and the legal conclusions therein, and refer the Court to the trademark documents referenced therein.

14. Deny knowledge or information sufficient to respond to the allegations in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to respond to the allegations in paragraph 15 of the Complaint.

16. Admit the allegations in paragraph 16 of the Complaint.

17. Admit the allegations in paragraph 17 of the Complaint.

18. Admit the allegations in paragraph 18 of the Complaint.

19. Deny the allegations in paragraph 19 of the Complaint except admit that TR uses the logo defined in the Complaint as the "Tantris Logo" in connection with its studio and the products sold therein.

20. Deny the allegations in paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to respond to the allegations in paragraph 21 of the Complaint and the legal conclusions therein, except deny any similarities between Tantris goods or services and Prana goods or services and admit that Tantris received a letter from Prana dated February 14, 2017 and refer the Court to that letter for the contents thereof.

22. Deny the allegations in paragraph 22 of the Complaint except admit that TIP submitted a trademark application on February 17, 2017 and refer the Court to that application for the contents thereof.

23. Admit the allegations in paragraph 23 of the Complaint and refer the Court to the document referenced therein for the contents thereof.

24. Deny the allegations set forth in paragraph 24 of the Complaint except admit that through the date hereof, TIP has exclusively licensed the use of the Tantris Logo on and in connection with Class 25 goods to one of the co-owners of TIP, Jacques Moret, Inc. ("JMI"), a clothing manufacturer, and further aver that all of the licensed uses of the Tantris Logo made by JMI under the license inure to the benefit of and are tantamount to use by TIP.

25. Deny the allegations in paragraph 25 of the Complaint and the legal conclusions therein.

26. Deny the allegations in paragraph 26 of the Complaint and the legal conclusions therein.

27. Deny the allegations in paragraph 27 of the Complaint and the legal conclusions therein.

## FIRST CAUSE OF ACTION

28. Tantris incorporate and reallege their preceding responses as if set forth fully herein.

29. Deny the allegations in paragraph 29 of the Complaint and the legal conclusions therein.

30. Admit the allegations in paragraph 30 of the Complaint.

31. Admit the allegations in paragraph 31 of the Complaint but denies that any such permission or authority was necessary.

32. Deny the allegations in paragraph 32 of the Complaint and the legal conclusions therein, except admit that any action Tantris has taken was without

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

Prana's authority or consent but denies that any such authority or consent was necessary.

33. Deny the allegations in paragraph 33 of the Complaint and the legal conclusions therein.

34. Deny knowledge or information sufficient to respond to the allegations in paragraph 34 of the Complaint.

35. Deny the allegations in paragraph 35 of the Complaint and the legal conclusions therein.

36. Deny the allegations in paragraph 36 of the Complaint and the legal conclusions therein.

37. Deny the allegations in paragraph 37 of the Complaint and the legal conclusions therein.

38. Deny the allegations in paragraph 38 of the Complaint and the legal conclusions therein.

## SECOND CAUSE OF ACTION

39. Tantris incorporate and reallege their preceding responses as if set forth fully herein.

40. Deny the allegations in paragraph 40 of the Complaint and the legal conclusions therein.

41. Deny the allegations in paragraph 41 of the Complaint and the legal conclusions therein.

42. Deny the allegations in paragraph 42 of the Complaint and the legal conclusions therein.

43. Deny the allegations in paragraph 43 of the Complaint and the legal conclusions therein.

## THIRD CAUSE OF ACTION

44. Tantris incorporate and reallege their preceding responses as if set forth fully herein.

45. Deny the allegations in paragraph 45 of the Complaint and the legal conclusions therein.

46. Deny the allegations in paragraph 46 of the Complaint and the legal conclusions therein.

47. Deny the allegations in paragraph 47 of the Complaint and the legal conclusions therein.

48. The "PRAYER FOR RELIEF" and "JURY DEMAND" and paragraphs which immediately follow paragraph 47 of the Complaint state a demand for relief to which no responsive pleading is required but, should a response be required, Tantris deny that Prana is entitled to any relief demanded therein (including all subparts).

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Prana's claims are barred by the equitable doctrines of waiver, estoppel, laches, acquiescence, and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

3. Tantris did not commit any act of infringement.

### FOURTH AFFIRMATIVE DEFENSE

4. Without admitting the use of any trademarked material allegedly owned by Prana, the Tantris Logo is not "confusingly similar" to any trademarked material allegedly owned by Prana.

### FIFTH AFFIRMATIVE DEFENSE

5. There is no likelihood of confusion, mistake or deception because, *inter alia*, Prana's allegedly trademarked material is weak and cannot be distinctive to Prana.

## SIXTH AFFIRMATIVE DEFENSE

6. Tantris reserve the right to assert any other such affirmative defenses in the event that further investigation and discovery indicates that they are proper.

WHEREFORE, Tantris pray for judgment dismissing the Complaint in its entirety, awarding Tantris their costs and attorneys' fees, and for such other and further relief as the Court deems just and proper.

DATED: June 16, 2017  PRYOR CASHMAN LLP

By: */s/ Benjamin S. Akley*
Michael J. Niborski
Benjamin S. Akley

*Attorneys for Defendants*
TANTRIS IP, LLC and
TANTRIS RETAIL, LLC

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670